CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6ᵗʰ Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ZENAIDO GARCIA, MD SHAMSUL AREFEEN,          :    Case No. 17-CV-7228
VERTANO FELIX, and VICTORIANO REYES,          :
on behalf of himself and others similarly situated,          :
                                                              :
                              Plaintiffs,          :    **FLSA COLLECTIVE**
                                                              :    **ACTION and RULE**
        -against-                                          :    **23 CLASS ACTION**
                                                              :    **COMPLAINT**
GOOD FOR LIFE BY 81, INC. d/b/a GOOD FOR LIFE          :
GOURMET DELI & GROCERY, DAWA 91 INC. d/b/a          :    **Jury Trial**
DAWA 91 BAGEL DELI GROCERY, MISOOK NOH,          :    **Demanded**
and RAYMOND NOH,                                          :
                                                              :
                              Defendants.          :
-------------------------------------------------------------------------X

        Plaintiffs ZENAIDO GARCIA, MD SHAMSUL AREFEEN, VERTANO FELIX,

and VICTORIANO REYES (hereinafter, "Plaintiffs"), on behalf of themselves and other

similarly situated employees, by and through their undersigned attorneys, Cilenti &

Cooper, PLLC, file this Complaint against defendants GOOD FOR LIFE BY 81, INC.

d/b/a GOOD FOR LIFE GOURMET DELI & GROCERY ("GOOD FOR LIFE"),

DAWA 91 INC. d/b/a DAWA 91 BAGEL DELI GROCERY ("DAWA 91"),

(collectively, the "Corporate Defendants" or the "Restaurants"), MISOOK NOH, and

RAYMOND NOH (collectively, the "Individual Defendants") (the Corporate Defendants

and the Individual Defendants are collectively referred to herein as the "Defendants"),
and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as
amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from
Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c)
liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees
and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they
are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime
compensation, (c) unpaid "spread of hours" premiums for each day that their shift
exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York
Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and
post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C.
§216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over
Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391
because the conduct making up the basis of the complaint took place in this judicial
district.

## PARTIES

5.     Plaintiffs ZENAIDO GARCIA and VICTORIANO REYES are each residents of New York County, New York.

6.     Plaintiff, MD SHAMSUL AREFEEN, is a resident of Queens County, New York.

7.     Plaintiff, VERTANO FELIX, is a resident of Bronx County, New York.

8.     Defendant, GOOD FOR LIFE, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 201 East 81st Street, New York, New York 10028.

9.     Defendant, DAWA 91, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1747 Second Avenue, New York, New York 10128.

10.     The Individual Defendants are the officers, owners, shareholders, directors, supervisors, managing agents, and proprietors of the Corporate Defendants, who actively participate in the day-to-day operations of the Restaurants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

11.     The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules,

3

(iv) supervise and control the work of the employees, and (v) create and maintain employment records.

12.     The Individual Defendants are present on the premises of the Restaurants on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

13.     Upon information and belief, at all times relevant to the allegations contained herein, the Corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

14.     Defendants employed Plaintiff, ZENAIDO GARCIA, from in or about September 2014 until on or about September 9, 2017 to work as a non-exempt deli-man and cashier for each of Defendants' Restaurants known as "Good For Life Gourmet Deli & Grocery" (the "Good for Life Deli"), located at 201 East 81st Street, New York, New York, and "Dawa 91 Bagel Deli Grocery" (the "Dawa 91 Deli"), located at 1748 Second Avenue, New York, New York.

15.     Defendants have employed Plaintiff, MD SHAMSUL AREFEEN, since on or about June 2, 2016 through the present to work as a non-exempt cashier for both Good for Life Deli and Dawa 91 Deli.

16.     Defendants have employed Plaintiff, VERTANO FELIX, since in or about August 2016 through the present to work as a non-exempt deli-man for Good for Life Deli.

17.     Defendants have employed Plaintiff, VICTORIANO REYES, since in or about 2010 through the present to work as a non-exempt dishwasher, stock person, porter, and food delivery worker for Good for Life Deli.

18.     The work performed by Plaintiffs was and is directly essential to the businesses operated by Defendants.

19.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

20.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premiums in direct contravention of the New York Labor Law.

22.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

### STATEMENT OF FACTS

23.     The Individual Defendants actively participate in the day-to-day operation of the Restaurants.  For instance, the Individual Defendants personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for errors made.

24.     The Individual Defendants jointly create and approve all crucial business policies, and jointly make decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

25.     The Corporate Defendants are associated as a single enterprise, utilizing Plaintiffs and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

26.     The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiffs and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

27.     The Corporate Defendants are controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

28.     In or about September 2014, Defendants hired Plaintiff, ZENAIDO GARCIA (a/k/a "Salvador") to work as a non-exempt deli-man at Good for Life Deli.

29.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

30.     In or about August 2016, Defendants changed Plaintiff's position to that of cashier/customer attendant.

31.     Plaintiff continued to work in that capacity until his employment came to an end on or about September 9, 2017.

32.     From the beginning of his employment and continuing through in or about August 2015, Plaintiff worked six (6) days per week, and his work scheduled consisted of ten (10) hours per day Monday through Saturday from 6:30 a.m. until 4:30 p.m.  Plaintiff normally received a thirty (30) minute break each day.

33.     During this period, Plaintiff occasionally worked in excess of ten (10) hours in a day.

34.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked, and worked fifty-seven (57) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35.     Beginning in or about September 2015 and continuing through in or about January 2016, Plaintiff worked six (6) days per week, and his work scheduled consisted of twelve (12) hours per day Monday through Saturday from 6:30 p.m. until 6:30 a.m. Plaintiff normally received a thirty (30) minute break each day.

36.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked, and worked sixty-nine (69) hours per week.  Work performed above forty (40)

hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

37.     Beginning in or about February 2016 and continuing through in or about April 2016, Plaintiff worked six (6) days per week, and his work scheduled consisted of ten (10) hours per day Monday through Saturday from 6:30 a.m. until 4:30 p.m.  Plaintiff normally received a thirty (30) minute break each day.

38.     During this period, Plaintiff occasionally worked in excess of ten (10) hours per day.

39.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $11 per hour straight time for all hours worked, and worked fifty-seven (57) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

40.     Beginning in or about May 2016 and continuing through in or about July 2016, Plaintiff worked five (5) days per week, and his work scheduled consisted of ten (10) hours per day Monday through Saturday from 6:30 a.m. until 4:30 p.m.  Plaintiff normally received a thirty (30) minute break each day.

41.     During this period, Plaintiff occasionally worked in excess of ten (10) hours per day.

42.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $11 per hour straight time for all hours worked, and worked forty-seven (47) hours per week (and sometimes in excess thereof).

Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.     Beginning in or about August 2016 and continuing through in or about August 2016, Plaintiff worked five (5) days per week, and his work scheduled consisted of twelve (12) hours per day Monday through Saturday from 6:30 p.m. until 6:30 a.m. Plaintiff normally received a thirty (30) minute break each day.

44.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $11 per hour straight time for all hours worked, and worked fifty-seven (57) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     Beginning in or about September 2016 and continuing through the remainder of his employment on or about September 9, 2017, Plaintiff worked five (5) days per week, and his work scheduled consisted of twelve (12) hours per day Monday through Saturday from 6:30 p.m. until 6:30 a.m.  Plaintiff normally received a thirty (30) minute break each day.

46.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $12 per hour straight time for all hours worked, and worked fifty-seven (57) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

47.     During the final two (2) months of his employment, Defendants required Plaintiff to work at Dawa 91 Deli once per week in the same capacity and for the same twelve (12) hour shift.

48.     Plaintiff was always required to punch a time clock throughout his employment.

49.     Defendants failed to provide Plaintiff with written wage statements during each pay period, which set forth his gross wages, deductions, and net wages.

50.     On or about June 2, 2016, Defendants hired Plaintiff, MD SHAMSUL AREFEEN to work as a non-exempt cashier at Good for Life Deli.

51.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

52.     Plaintiff continues to work in that capacity for Defendants at the present time.

53.     Throughout the entirety of his employment, Plaintiff works six (6) days per week, and his work schedule consists of twelve (12) hours per day Wednesday through Monday from 6:30 p.m. until 6:30 a.m. Plaintiff normally receives a thirty (30) minute break each day.

54.     From the beginning of his employment and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked, and worked sixty-nine (69) hours per week. Work performed above forty (40) hours per

week was not paid at the statutory rate of time and one-half as required by state and federal law.

55.     Beginning in or about January 2017 and continuing through in or about July 2017, while working the same sixty-nine (69) hour work shift, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

56.     Beginning in or about August 2017 and continuing through the present time, while working the same sixty-nine (69) hour work shift, Plaintiff was not and is not paid proper overtime compensation. During this period, Plaintiff was and is paid at the rate of $11 per hour straight time for all hours worked. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

57.     Throughout his employment, Defendants have required Plaintiff to work at Dawa 91 Deli once per week in the same capacity and for the same twelve (12) hour shift.

58.     Plaintiff has always been required to punch a time clock throughout his employment.

59.     Defendants fail to provide Plaintiff with written wage statements during each pay period, which sets forth his gross wages, deductions, and net wages.

60.     In or about August 2016, Defendants hired Plaintiff, VERTANO FELIX to work as a non-exempt deli-man at Good for Life Deli.

61.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

62.     Plaintiff continues to work in that capacity for Defendants at the present time.

63.     Throughout the entirety of his employment, Plaintiff works six (6) days per week, and his work schedule consists of twelve (12) hours per day on Monday, Friday, and Saturday from 6:30 p.m. until 6:30 a.m.; and eleven (11) hours per day on Tuesday, Wednesday, and Thursday from 7:30 p.m. until 6:30 a.m.  Plaintiff normally receives a thirty (30) minute break each day.

64.     From the beginning of his employment and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked, and worked sixty-nine (69) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

65.     Beginning in or about January 2017 and continuing through in or about January 2017, while working the same sixty-nine (69) hour work shift, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

66.     Beginning in or about February 2017 and continuing through the present time, while working the same sixty-nine (69) hour work shift, Plaintiff was not and is not paid proper overtime compensation.  During this period, Plaintiff was and is paid at the rate of $11 per hour straight time for all hours worked.  Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

67.     Plaintiff has always been required to punch a time clock throughout his employment.

68.     Defendants fail to provide Plaintiff with written wage statements during each pay period, which sets forth his gross wages, deductions, and net wages.

69.     In or about 2010, Defendants hired Plaintiff, VICTORIANO REYES to work as a non-exempt dishwasher, stock person, porter, and food delivery worker at Good for Life Deli.

70.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

71.     Plaintiff continues to work in those capacities for Defendants at the present time.

72.     Throughout the relevant six (6) year limitations period beginning in September 2011 and continuing through the present time, Plaintiff works six (6) days per week, and his work schedule consists of twelve (12) hours per day from 6:30 p.m. until 6:30 a.m.  Plaintiff normally receives a thirty (30) minute break each day.

73.     During the relevant six (6) year limitations period beginning in September 2011 and continuing through in or about December 2013, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $380 per week straight time for all hours worked, and worked sixty-nine (69) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

74.     Beginning in or about January 2014 and continuing through in or about May 2017, while working the same sixty-nine (69) hour work shift, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $420 per week straight time for all hours worked. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

75.     Beginning in or about June 2017 and continuing through the present time, while working the same sixty-nine (69) hour work shift, Plaintiff was not and is not paid proper minimum wages and overtime compensation. During this period, Plaintiff was and is paid at the rate of $520 per week straight time for all hours worked. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

76.     Plaintiff has always been required to punch a time clock throughout his employment.

77.     Defendants fail to provide Plaintiff with written wage statements during each pay period, which sets forth his gross wages, deductions, and net wages.

78. Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

79. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

80. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

81. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

82. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since September 22, 2014 through the end of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or at less than time

and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

83.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

84.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

85.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

86.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

87.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.      Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.      Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

e.      Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      f.      Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

      g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

88.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

89.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

90.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

91.    Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since September 22, 2011 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages, overtime compensation, or "spread of hours" premium in violation of the New York Labor Law (the "Class").

92.    Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file

individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

93.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

94.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

95.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

96.     Plaintiffs will fairly and adequately protect the interests of the NY Class members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

97.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate

representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

98.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

99.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.    Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;
>
> b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;
>
> c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.    Whether Defendants failed to pay Plaintiffs and the Class Members statutory minimum wages, in violation of the New York Labor Law and the regulations promulgated thereunder;
>
> e.    Whether Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.      Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

100.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "99" of this Complaint as if fully set forth herein.

101.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

102.    At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

103.    Upon information and belief, during each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants – either jointly or severally, have had gross revenues in excess of $500,000.

104.    Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

105.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

106.    Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

107.    Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

108.    Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

109.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

110.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

111.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

112.    Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

113.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

114.    Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

115.    Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

116.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "115" of this Complaint as if fully set forth herein.

117.    Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

118.    Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

119.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

120.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

121.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

122.    Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

123.    Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

124.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

employees, and other similar information in contravention of New York Labor Law §
661.

125.    Defendants failed to establish, maintain, and preserve for not less than six
(6) years payroll records showing the hours worked, gross wages, deductions, and net
wages for each employee, in contravention of the New York Labor Law § 194(4), and
New York State Department of Labor Regulations § 146-2.1.

126.    Neither at the time of their hiring, nor anytime thereafter, did Defendants
notify Plaintiffs and the Class members in writing of their regular and overtime rates of
pay and their regularly designated payday, in contravention of New York Labor Law §
195(1).

127.    Due to the Defendants' New York Labor Law violations, Plaintiffs and the
Class members are entitled to recover from Defendants their unpaid minimum wages,
unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys'
fees, and costs and disbursements of this action, pursuant to New York Labor Law §§
663(1), 198.

128.    Plaintiffs and the Class members are also entitled to liquidated damages
pursuant to New York Labor Law § 663(1), as well as statutory and liquidated damages
pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, ZENAIDO GARCIA, MD SHAMSUL AREFEEN, VERTANO FELIX, and VICTORIANO REYES, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)   An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)   An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)   An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)   An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)   An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)   An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g)   An award of prejudgment and post-judgment interest;

(h)   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)   Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
       September 22, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
       Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Zenaido Garcia _____, am an employee currently or formerly employed by Good for Life by 81 Inc, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___7/19___, 2017

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _HD Shamsul Arefeen_____, am an employee currently or

formerly employed by _Good for Life by 81, Inc___, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_9/19_____, 2017

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Vertano Felix_____, am an employee currently or

formerly employed by _Good for Life by 81 Inc_, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
____9/19_____, 2017

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, _Victoriano Reyes_ , am an employee currently or

formerly employed by _Good for Life by 81_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_9|19_ , 2017