UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ZENAIDO GARCIA, MD SHAMSUL AREFEEN, VERTANO FELIX and VICTORIANO REYES, on behalf of himself and others similarly situated,

                                              Plaintiffs,

-against-

GOOD FOR LIFE BY 81, INC., d/b/a GOOD FOR LIFE GOURMET DELI & GROCERY, DAWA 91, INC. d/b/a DAWA 91 BAGEL DELI GROCERY, MISOOK NOH, and RAYMOND NOH,

                                              Defendants.

Civ. No.: 1:17-cv-07228

------------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT

       WHEREAS, the named Plaintiffs ZENAIDO GARCIA, MD SHAMSUL AREFEEN, VERTANO FELIX, and VICTORIANO REYES, and opt-in Plaintiffs SANTIAGO GUACHIAC, MARTIN AGUILAR-HIDALGO, and ELSA UZHCA (collectively referred to hereinafter as "Plaintiffs"), and GOOD FOR LIFE BY 81, INC., d/b/a GOOD FOR LIFE GOURMET DELI & GROCERY, DAWA 91, INC. d/b/a DAWA 91 BAGEL DELI GROCERY, MISOOK NOH, and RAYMOND NOH (collectively referred to hereinafter as "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 1:17-cv-07228 (the "Lawsuit"), without further litigation or adjudication;

       WHEREAS, Plaintiffs and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

       WHEREAS, a *bona fide* dispute exists as to Plaintiffs' claims for alleged unpaid minimum wage and overtime wages;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiffs' alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiffs and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

**1.    Definition of Parties.**

(a)    "Releasors" shall be defined to include the Plaintiffs in this Lawsuit (named and opt-in) whose names are signed below, including Zenaido Garcia, MD Shamsul Arefeen, Vertano Felix, Victoriano Reyes, Santiago Guachiac, Martin Aguilar-Hidalgo, and Elsa Uzhca, for themselves and on behalf of any of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel; and,

(b)    "Releasees" shall be defined to include Defendants herein, and all presently or formerly related or affiliated persons or entities, family members, or successors, and the employees of any such entity, and any otherwise related persons or entities who Plaintiffs claim or may claim employed them within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during their respective employment at Good For Life Gourmet Deli & Grocery or Dawa 91 Bagel Deli Grocery.

2. **Plaintiffs' Commitments.**

In exchange for the promises set forth in paragraph "3" below, Plaintiffs agree as follows:

(a) Plaintiffs will sign this Agreement, and they authorize their attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A**;

(b) Plaintiffs shall withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings they have instituted against any Releasee, including but not limited to Plaintiffs' claims in the Lawsuit. Each Plaintiff affirms that that he or she has not instituted any complaint, suit, action, charge, or other legal proceeding against any Releasee that currently is pending other than the Lawsuit. If for any reason any other complaint, suit, action, charge, claim, or other legal proceeding which any Plaintiff has instituted against any Releasee is not wholly and finally dismissed with prejudice, Plaintiffs shall not, to the extent permitted by law, voluntarily testify, provide documents, or otherwise participate, or permit others to participate on their behalf, in any such litigation, investigation, or other proceeding arising therefrom or associated therewith, and shall not obtain or accept any recovery or relief therefrom;

(c) Each Plaintiff affirms that he or she is not presently aware of any grounds for claims against any Releasee other than those asserted in the Complaint that Plaintiffs filed in the Lawsuit. Accordingly, and in exchange for the additional consideration to Plaintiffs as set forth herein and in sub-Paragraph 3(d) below, Plaintiffs also provide in this Agreement a general release of all claims;

(d) Except as may be prohibited by law, no Plaintiff shall institute or be represented in, nor shall he or she submit or file, or permit to be submitted or filed on his or her behalf, any lawsuit, charge, claim, complaint, or other legal action or proceeding against any Releasee, based upon any conduct occurring up to and including the date Plaintiffs execute this Agreement, whether an individual action or a class action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes or guidelines. After consultation with counsel, each Plaintiff knowingly and voluntarily releases

and forever discharges Defendants and all other Releasees of and from any and all claims of any kind (including claims under the Fair Labor Standards Act), known or unknown, that he or she has or may have based upon any conduct occurring up to and including the date Plaintiffs execute this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974;
- The Age Discrimination in Employment Act;
- The Fair Labor Standards Act;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- Title II of the Genetic Information Non-Discrimination Act;
- The Fair Credit Reporting Act;
- The False Claims Act;
- The Workers Adjustment and Retraining Notification Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The Occupational Safety and Health Act;
- The New York City Human Rights Law;
- The New York City Charter and Administrative Code;
- The New York State Executive Law, including the New York State Human Rights Law;
- The New York False Claims Act;
- The New York Civil Rights Law;
- The New York Labor Law;
- The New York wage, wage-payment, wage-theft and all other wage-hour laws;
- The New York Whistleblower Law;
- The Retaliation/Discrimination provisions of the New York Workers' Compensation Law and the New York State Disabilities Benefits Law;

4

- The New York State Workers Adjustment and Retraining Notification Act;
- The New York Paid Family Act;
- any local or county law, rule or requirement of any kind;
- any other federal, state or local, human rights, public accommodation, product distribution, wage, wage-hour, wage payment, sales or distribution, whistleblower, *qui tam* (or any other action of similar or other nature), retaliation, discrimination, bias, civil rights, benefits, pension, labor or any other federal, state or local law, rule, regulation, or ordinance of any kind;
- any benefit plan, compensation plan, severance plan or any other plan, practice or program of any kind;
- any public policy, any contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;
- any amendment to the foregoing; and,
- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

(e) Plaintiffs shall not voluntarily assist any individual in commencing or prosecuting any action or proceeding against any Releasee, including, but not limited to, any complaint and/or any lawsuit, counter-claim, or cross-claim in federal, state or local court, or arbitration proceeding, or administrative complaint or charge, and shall not accept any relief or recovery therefrom. This prohibition applies to every stage of any proceeding, including any charge, complaint, trial, pretrial preparation, pre-litigation fact gathering, and bars Plaintiffs from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person who wishes to make or who is making any claim against any Releasee, except in an investigation or proceeding conducted by the EEOC, any other agency of the United States government, by order of a court of competent jurisdiction, or if otherwise prohibited by law. If any Plaintiff is served with a subpoena, court order, or other legal process requiring that Plaintiff to engage in some activity inconsistent with this provision, he or she will notify Defendants' legal counsel, Jonathan M. Kozak, Esq., Jackson Lewis P.C., 44 South Broadway, 14th Floor, White Plains, New York, 10601, Facsimile 914-946-1216. Such notice shall be provided by Plaintiffs in writing to Defendants' counsel within three (3) business days,

so that Defendants' counsel and/or the Releasees may take any action they deem appropriate regarding the subpoena or court order;

(f) Plaintiffs understand and agree that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction, and in excess, of any and all obligations Defendants or Releasees may have with respect to Plaintiffs' claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiffs execute this Agreement. Each Plaintiff further affirms that he or she: (1) has no known workplace injuries or occupational diseases; (2) has not alleged retaliation for reporting any allegations of corporate fraud against Defendants or any other Releasee; and (3) has not alleged that any of Defendants' decisions regarding his or her pay and benefits during his or her employment through the date of his or her separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law;

(g) Plaintiffs, on behalf of themselves and their legal counsel, agree not to contact the media regarding this Agreement or its terms;

(h) Plaintiffs acknowledge that they are no longer employees of Defendants and Plaintiffs agree that the employment relationship has been permanently and irrevocably severed, and that they will not apply or re-apply for employment in the future with Defendants or any other Releasee. Defendants (or any other Releasee) shall have no obligation, contractual or otherwise, to hire, rehire or re-employ any Plaintiff in the future.

3. **Defendants' Commitments.**

In exchange for the promises made herein by Plaintiffs contained in Paragraph "2" above, and in the other provisions of this Agreement, Defendants agree as follows:

(a) to provide to Plaintiffs, through their counsel, the total settlement sum of One Hundred Ten Thousand Dollars and No Cents ($110,000.00) ("the Settlement Amount") in consideration for and in full satisfaction of all claims Plaintiffs have or may have against Defendants or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement. The Settlement Amount will be paid by check payable to "Cilenti

& Cooper, PLLC, as attorneys for Plaintiffs" and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be <u>received</u> no later than the date specified in sub-paragraph 3(c) below.

(b) Each Plaintiff must ensure that his or her respective shares of any and all tax obligations relating to amounts received from the Settlement Amount hereunder are properly filed and/or paid. In the event that any federal, state, or local taxing authority or court determines that taxes, interest, and/or penalties are due and owing as a result of any non-payment by any Plaintiff of his or her respective share of said taxes, any interest, penalties, or other liabilities shall be the sole obligation and liability of that Plaintiff, who shall hold harmless, indemnify, and defend Defendants and pay any of Defendants' reasonable legal fees in connection with defending such claims.

(c) The check referenced in the sub-paragraph 3(a) will be provided to Plaintiffs' counsel within Fourteen (14) days after the Court has reviewed and approved of this Agreement and "So Ordered" the Parties' Stipulation And Order Of Dismissal With Prejudice.

(d) Defendants knowingly and voluntarily release and forever discharge Plaintiffs of and from any and all claims, whether known and/or unknown, they have or may have against Plaintiffs as of the date of execution of this Agreement.

4. **Default In Payment.**

In the event that the Defendants fails to make the settlement payment in a timely manner pursuant to Paragraph 3 of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: Jonathan M. Kozak, Esq., Jackson Lewis P.C., 44 South Broadway, 14th Floor, White Plains, New York, 10601, Facsimile 914-946-1216, Jonathan.Kozak@jacksonlewis.com. Defendants will then have Ten (10) business days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 11th business day following receipt of said notice, together with liquidated damages in the amount of $11,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiffs shall have the right to enforce immediate payment of all unpaid portions of the Agreement, including having judgment entered

against the Defendants, jointly and severally, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

5.  **No Other Entitlement Under the FLSA.**

As a consequence of this settlement, Plaintiffs affirm that they have been paid and have received all compensation, wages, bonuses, commissions, benefits, and other monies to which they were entitled under the FLSA.

6.  **Non-Admission of Wrongdoing.** Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

7.  **Severability and Modification.**

(a)  If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, or other entity, Plaintiffs and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal, or unenforceable, but could be interpreted or modified to be made valid, legal, or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable, and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification;

(b)  If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the general release contained herein is limited or held to be null and void Plaintiffs shall execute an enforceable general release or all monies paid hereunder shall be returned to Defendants.

8.  **Resolution of Disputes.** The judge presiding over the Lawsuit (Magistrate Judge Barbara Moses) will retain jurisdiction over the Lawsuit for purposes of enforcement of this Agreement and its terms. Accordingly, any controversy or claims relating to this Agreement shall be resolved in a proceeding held in and before the U.S. District Court for the Southern

District of New York, by Magistrate Judge Moses sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

9. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10. **Competence to Waive Claims.** Plaintiffs are competent to affect a knowing and voluntary general and unlimited release of all claims as referenced above and to enter into this Agreement. Plaintiffs are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, they have a clear and complete understanding of this Agreement, as explained to them by their counsel. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle the Lawsuit, to waive all claims, and to indemnify Releasees from any claims by or relating to Plaintiffs.

11. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

11. **Execution.**

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants. The meaning, effect and terms of this Agreement have been fully translated and explained to Plaintiffs by their counsel. Plaintiffs fully understand that this Agreement generally releases, settles, bars, and waives any and all claims that they possibly could have against Releasees. Plaintiffs further represent that they are fully satisfied with the advice and counsel provided by their attorneys.

(b) Plaintiffs fully understand the terms of this Agreement.

12. **Translation.** It is further understood and agreed between the Parties that counsel for Plaintiffs shall be responsible for translating this Agreement to a language fully understood by Plaintiffs, and to fully advise Plaintiffs regarding the terms and conditions of this Agreement. Plaintiffs' counsel affirms that his office has translated and communicated to Plaintiffs the words and explained to Plaintiffs the meaning of this Agreement. Any contention that the terms and

conditions of this Agreement were not translated and communicated to Plaintiffs by their counsel shall not be a basis to challenge or to set aside this Agreement.

**PLAINTIFFS ARE ADVISED THAT THEY SHALL HAVE TWENTY-ONE CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFFS ALSO ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

**PLAINTIFFS MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY PLAINTIFF SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JONATHAN M. KOZAK, ESQ., JACKSON LEWIS P.C., AT 44 SOUTH BROADWAY, 14TH FLOOR, WHITE PLAINS, NEW YORK, 10601, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR NEGOTIATED SETTLEMENT AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO MR. KOZAK, OR MAILED TO MR. KOZAK AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER THE DAY PLAINTIFF SIGNS THIS AGREEMENT.**

**PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAYS CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL CILENTI & COOPER, PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

**BY PLAINTIFFS:**

_____
ZENAIDO GARCIA

STATE OF NEW YORK    )
                                      ) ss.:
COUNTY OF __NY__   )

On the 5 day of June 2018, before me, the undersigned notary, ZENAIDO GARCIA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

_____
Signature and Office of individual
taking acknowledgment

_____
MD SHAMSUL AREFEEN

STATE OF NEW YORK    )
                                      ) ss.:
COUNTY OF __NY__   )

On the 5 day of June 2018, before me, the undersigned notary, MD SHAMSUL AREFEEN personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

_____
Signature and Office of individual
taking acknowledgment

11

VERTANO FELIX

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF _____ )

On the ___ day of _____, 2018, before me, the undersigned notary, VERTANO FELIX personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual taking acknowledgment

VICTORIANO REYES

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF _NY_    )

On the _5_ day of _Jul_ 2018, before me, the undersigned notary, VICTORIANO REYES personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual taking acknowledgment

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

12

06/07/2010 11:31   2122037104   CILENTI COOPER   PAGE 01/01

14 SEP. 2011 08:44AM P1   NO. DE TEL :   DE :

- - Volumen número CXXIX. - - - - - - - - - - - - - - - - - - - - - - - - -
- - - Escritura pública número 17630, diecisiete mil seiscientos treinta
- - -Folio único, 2282657 dos, dos, ocho, dos, seis, cinco, siete.- - - -
- - - En la ciudad de Huamuxtitlán, Guerrero, de los Estados Unidos Mexicanos
el uno de junio de dos mil dieciocho, Jesús Campos Ramírez notario público por
receptoría y juez mixto de primera instancia del Distrito Judicial de Zaragoza
- - - - - - - - - - - - - - - - - - -Hago constar- - - - - - - - - - - - - - - -
- - - Que ante mí comparece Vertano Félix Ventura, con el juramento de decir la
verdad señala: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - Entre el mes de agosto del año dos mil dieciséis y el mes de octubre del
dos mil diecisiete, estuvo trabajando en la empresa Good Sor Life By 01 en la
ciudad de Manhattan New York de los estados unidos de Norteamérica, que no
le pagaba el salario legal que debía percibir como empleado, por lo que a



## Juez mixto y Notario público por ministerio de ley del Distrito Judicial de Zaragoza

Volumen número CXXIX. Escritura pública número 17630 Folio único 2282657



- - - Primer testimonio fiel sacado del original que consta de dos fojas útiles, cotejadas, firmadas y selladas, que contiene la declaración de Vertano Félix Ventura. Huamuxtitlán, Guerrero, México, a uno de junio de dos mil dieciocho. Doy fe. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Huamuxtitlán, Guerrero, a 1o de junio de 2018.**

2 poniente #7, Barrio Las Ánimas, Huamuxtitlán, Guerrero, Tel.: 017574970181

*Jesús Campos Ramírez*

_____
SANTIAGO GUACHIAC

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF __NY__     )

On the _5_ day of _June_, 2018, before me, the undersigned notary, SANTIAGO GUACHIAC personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

_____
Signature and Office of individual taking acknowledgment

_____
MARTIN AGUILAR-HIDALGO

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF __NY__     )

On the _6th_ day of _June_, 2018, before me, the undersigned notary, MARTIN AGUILAR-HIDALGO personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

_____
Signature and Office of individual taking acknowledgment

13

_____
ELSA UZHCA

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF  NY       )

On the 6 day of June, 2018, before me, the undersigned notary, ELSA UZHCA personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

*As to Paragraph 12 only:*

CILENTI & COOPER, PLLC

Dated: 6/11, 2018       By: _____
                            Justin Cilenti

14

**FOR DEFENDANTS:**

GOOD FOR LIFE BY 81, INC.,
DAWA 91, INC., and MISOOK NOH

By: _____
Misook Noh

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF New York )

On the 6 day of June, 2018, before me, the undersigned notary, Mishook Noh personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiate Settlement Agreement on behalf of herself individually and on behalf of Good For Life By 81, Inc. and DAWA 91, Inc.

_____
Signature and Office of individual
taking acknowledgment

BRENDA L RIVERA
Notary Public - State of New York
NO. 01RI6348476
Qualified in Bronx County
My Commission Expires Sep 26, 2020

RAYMOND NOH

By: _____
Raymond Noh

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF New York )

On the 6 day of June 2018, before me, the undersigned notary, Raymond Noh personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiate Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

BRENDA L RIVERA
Notary Public - State of New York
NO. 01RI6348476
Qualified In Bronx County
My Commission Expires Sep 26, 2020

15

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ZENAIDO GARCIA, MD SHAMSUL
AREFEEN, VERTANO FELIX and
VICTORIANO REYES, on behalf of himself
and others similarly situated,

                              Plaintiffs,

-against-

GOOD FOR LIFE BY 81, INC., d/b/a
GOOD FOR LIFE GOURMET DELI &
GROCERY, DAWA 91, INC. d/b/a DAWA
91 BAGEL DELI GROCERY, MISOOK
NOH, and RAYMOND NOH,

                              Defendants.

Civ. No.: 1:17-cv-07228

-----------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, on September 22, 2017, Plaintiffs filed a complaint, which asserted claims for, *inter alia*, unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and the New York Labor Law;

WHEREAS, although commenced as a putative collective action under the FLSA, Plaintiffs did not seek certification and no individuals received notice of this action;

WHEREAS, the parties settled this action based upon arms-length negotiations, the terms of which have been judicially reviewed and are deemed fair and reasonable, and are incorporated herein by reference; and

WHEREAS, the United States District Court for the Southern District of New York shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Plaintiffs and Defendants that this action is hereby dismissed and discontinued in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
|---|---|
| CILENTI & COOPER, PLLC | JACKSON LEWIS P.C. |
| 708 Third Avenue, 6th Floor<br>New York, N.Y. 10017<br>Tele. (212) 209-3933 | 44 South Broadway, 14th Floor<br>White Plains, N.Y. 10601<br>Tele. (914) 872-8060 |
| By: _____<br>Justin Cilenti | By: _____<br>Jonathan M. Kozak<br>Isaac J. Burker |
| Dated: 6/11/18 | Dated: 6/8/2018 |

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2018

_____
Hon. Barbara Moses
United States Magistrate Judge

4847-6267-8885, v. 3